## JOHNSON v. WONDERFUL WORKERS OF THE WORLD. (No. 864.)

Court of Civil Appeals of Texas. Waco. Dec. 12, 1929.

Rehearing Denied Jan. 23, 1930.

Mathis & Caldwell, of Wichita Falls, for plaintiff in error.

Bush & Parten, of Franklin, for defendant in error.

BARCUS, J. Defendant in error, a corporation, brought this suit, alleging that it had entered into a contract with plaintiff in error, under the terms of which he, as an architect, had been employed to draw plans and specifications and oversee the work in the erection and construction of a three-story brick building for defendant in error in Calvert, Robertson county, Tex. It alleged that plaintiff in error was to do said work for 5 per cent. of the total cost, and that he entered upon the discharge of his duties on January 12, 1929, and continued until March 9th, at which time he quit said job and contract and demanded $150 more than he had already received, and that he had at that time received more than he was entitled to. Defendant in error alleged: "That defendant quit the job and advised plaintiff that he had quit and that he was through and that he would have nothing more to do with the erection of said building, whereupon plaintiff, in order to settle with defendant, paid him the sum of $150.-00 demanded, and terminated and ended and settled its contract and agreement with defendant."

Defendant in error further alleged that, after it and the plaintiff in error had terminated the contract on March 9th, plaintiff in error, on March 11th, came back on the job, attempted to take charge of its laborers and material, attempted to oversee the work, and was demanding a higher rate and price for his services than 5 per cent.; that he threatened to disorganize and disrupt the labor and prevent it from proceeding with the construction of said building. It alleged: "That it will suffer irreparable loss and injury unless it is granted an injunction herein, restraining the defendant from going upon said premises and said building and from interfering with plaintiff's laborers and workmen used in the construction of said building, and from interfering with and molesting plaintiff or its officers in any manner in the construction, erection and completion of said building; and by reason of defendant's said acts and conduct, plaintiff has suffered and sustained its damage in the sum of $1000.00."

It prayed for an injunction restraining plaintiff in error from going upon said premises or interfering with its laborers and workmen, and for damages and general relief.

The trial court granted a temporary writ of injunction as prayed for. Plaintiff in error filed his plea of privilege, claiming his right to have the suit transferred to Wichita county, the county of his residence. Defendant in error filed a controverting affidavit, claiming that the district court of Robertson county had jurisdiction under subdivision 5 and subdivision 9 of article 1995, Revised Statutes, claiming that the suit was founded upon a written contract, performable in Rob-

-ertson county, and that it was an injunction restraining plaintiff in error from committing a trespass in Robertson county and for damages which it claimed it had suffered by reason of a trespass that had been committed by plaintiff in error against it in Robertson county. On hearing, the plea of privilege was overruled, and it is from said order this appeal is perfected.

Plaintiff in error, by a number of propositions, presents only one theory of the case, namely, that the contract under which he was to furnish the plans and specifications and superintend the work as an architect on the building in Robertson county for defendant in error was not in writing, and a suit for the breach thereof could not be maintained in Robertson county. Under our view of the case, we do not think it is necessary to, and we do not pass upon, the question as to whether the letters passing between the parties, which constituted the only portion thereof in writing, amount to a contract in writing, performable in Robertson county. As we construe defendant in error's petition, it is primarily for the purpose of restraining plaintiff in error from interfering with the workmen it has employed in the construction of said building, and recovering damages it claims to have suffered by reason of the alleged trespass committed by plaintiff in error in his effort to interfere with defendant in error in the completion of said building. It alleged specifically that whatever contract, whether oral or in writing, it had with plaintiff in error, had been terminated, and that it had settled with him for all work he had done, and in addition had paid him $150 to get him to release it from the contract which they had made; that plaintiff in error had accepted same in full settlement of said contract and had agreed to and had terminated said contract; that disregarding said settlement and relinquishment, plaintiff in error had thereafter gone back on the job and was interfering with the workmen, disorganizing them, and attempting to take charge and control thereof, and that in so doing he had already damaged defendant in error $1,000 and would cause irreparable damage if he were not restrained. The president and general manager of the defendant in error testified to the facts substantially as alleged. Plaintiff in error testified that, after he was let out on Saturday, March 9th, he did go back in the building the following week, and that some controversy arose between him and the president of defendant in error at said time, and that he was then served with the writ of injunction. Unquestionably, if the parties had terminated the contract on March 9th and plaintiff in error had been paid in full for the services he had rendered and had agreed to stay away from said job, he was a trespasser when he went upon the building the following week and at-

tempted to control the workmen or supervise the work or in any way interfere with defendant in error in the completion of the building that had been started, and, if said facts were true, defendant in error was entitled to an injunction restraining plaintiff in error from committing said trespass, and was also entitled to recover any damages that it may have suffered by reason of the trespass that had been committed at that time by plaintiff in error. The district court of Robertson county, under subdivision 9 of article 1995 of the Revised Statutes, had jurisdiction to restrain plaintiff in error from committing a trespass against defendant in error in Robertson county, and had jurisdiction to determine whether a trespass had been committed in said county, and, if so, the amount of damage that had been occasioned defendant in error by reason thereof. There was no error in the action of the trial court in overruling the plea of privilege.

The judgment of the trial court is affirmed.